**SIMPLICITY MANUFACTURING COMPANY, Plaintiff,**

v.

**QUICK MFG., INC., Defendant.**

**Civ. A. No. 2538.**

United States District Court
S. D. Ohio, W. D.

July 17, 1964.

Ira Milton Jones, Milwaukee, Wis., for plaintiff.

Irvin V. Gleim, Dayton, Ohio, for defendant.

DRUFFEL, Senior District Judge.

### Findings of Fact

1. Plaintiff, Simplicity Manufacturing Company, a Wisconsin corporation having an office and place of business at Port Washington, Wisconsin, brought this patent infringement action against defendant, Quick Mfg., Inc., an Ohio corporation having an office and place of business at Springfield, Ohio.

2. Plaintiff is the owner of all right, title and interest in and to the patent in suit, to Igor Kamlukin, No. 2,903,077, issued September 8, 1959 on an application filed June 10, 1957. Claims 1, 5, 6, 7 and 8 of the Kamlukin patent are in suit.

3. Defendant denied that the patent in suit is valid and also denied that the patent is infringed by defendant's accused machines, of which Plaintiff's Exhibit 3 is an example.

4. The patent in suit relates to improvements in rotor-propelled tillers, that is, to a type of tiller which is propelled by the power driven rotation of its cultivating rotor. The wheels of a rotor-propelled tiller, if it has them, turn freely, and are provided primarily to facilitate transportation of the tiller.

5. Rotor-propelled tillers are particularly intended for use in small, restricted garden tracts, where it is frequently necessary to work the tiller up close to a tree, bush or other obstruction, then maneuver it away from the obstruction and start it tilling in a new direction. Prior to Kamlukin's invention of the patent in suit, maneuvering a rotor-propelled tiller away from an obstruction could only be accomplished by muscular exertion and required great physical effort on the part of the operator.

6. Kamlukin's invention, as defined by independent claim 1 in suit, resides in a combination of elements which cooperate to provide a power reversible rotor-propelled tiller, that is, a tiller which backs up, at the touch of a control, under the power of its own engine.

7. When plaintiff's tiller of the patent in suit came on the market, it met with immediate and very substantial commercial success. It was promptly copied by a number of plaintiff's competitors, including the defendant.

8. No one prior patent discloses the combination defined by claim 1 in suit.

9. The industry recognized, for many years before Kamlukin made the invention of the patent in suit, that there was a need and demand for elimination of the muscular exertion required in backing up a rotor-propelled tiller.

10. Defendant introduced no prior art which adds anything of anticipatory significance to the art that was before the Patent Office examiner when he allowed claim 1 in suit.

11. The prior art neither disclosed or suggested to men skilled in the art the combination defined by claim 1 of the patent in suit. Some of the prior art would have led a man skilled in the art away from the concept defined by claim 1 by teaching him that a power reversible rotor-propelled tiller was not feasible or practicable.

12. Each and every element of the combination recited in claim 1 in suit finds its full and complete response in defendant's power reversible rotor-propelled tillers.

13. Each of dependent claims 5, 6, 7 and 8 of the patent in suit is fully readable upon defendant's power reversible rotor-propelled tiller Model 63 HTR, one of which was Plaintiff's Exhibit 3.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. Claims 1, 5, 6, 7 and 8 of patent in suit No. 2,903,077 are good and valid.

3. Defendant's power reversible rotor-propelled tillers infringe claim 1 in suit.

4. Defendant's Model 63 HTR tiller also infringes dependent claims 5, 6, 7 and 8 in suit.

5. Plaintiff is entitled to a decree holding the patent in suit, No. 2,903,077, valid and infringed as to claims 1 and 5–8 thereof by defendant's power reversible rotor-propelled tillers, enjoining defendant and those acting in concert with it from further infringement, and awarding to plaintiff an accounting for damages and profits and a judgment for the amount shown to be due plaintiff by such accounting, together with the costs of this action.

### JUDGMENT

This cause coming on to be heard upon the pleadings, the evidence presented by witnesses at the trial, the depositions and exhibits of the parties, and briefs filed herein, and the Court being fully advised and having entered findings of fact and conclusions of law,

It is hereby ordered, adjudged and decreed:

1. Plaintiff is the owner of all right, title and interest in and to United States Letters Patent No. 2,903,077, issued to Igor Kamlukin on September 8, 1959, for Soil Tilling Device.

2. Claims 1 and 5–8 of Patent No. 2,903,077 are good and valid.

3. Defendant has infringed said patent by manufacturing and selling in the United States, power reversible rotor-propelled soil tillers embodying the invention disclosed and claimed in claims 1, 5, 6, 7 and 8 thereof.

4. Defendant shall pay damages to plaintiff, as provided by law, on account of each and every power reversible rotor-propelled soil tiller manufactured and sold by defendant, in a total amount to be fixed by agreement between the parties, or, in the event the parties cannot agree, to be determined by a special master who shall be designated by this Court and who shall take an accounting.

5. Defendant, its officers, agents and employees, are hereby enjoined and restrained during the term of the United States Letters Patent No. 2,903,077 from infringing the same by the manufacture, use and/or sale in the United States of any rotary soil tilling machine coming

within the scope of any of claims 1, 5, 6, 7 or 8 thereof.

6. Defendant's counterclaim is dismissed.

7. Plaintiff shall have its costs of this action, to be taxed by the Clerk of this Court.

8. To all of which the defendant excepts.